UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT §<br>OF ENSCO OFFSHORE COMPANY, §<br>AS OWNER OF THE MODU ENSCO 74 §<br>FOR EXONERATION FROM OR §<br>LIMITATION OF LIABILITY §<br>§ | CIVIL ACTION NO. 09- |

**COMPLAINT**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

The Complaint of ENSCO Offshore Company (hereinafter "ENSCO"), as owner of the MODU ENSCO 74, (hereinafter "ENSCO 74") in a cause of exoneration from or limitation of liability pursuant to 46 U.S.C. §30501 et. seq., civil and maritime, alleges upon information and belief as follows:

I.

This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. 1333, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime claims (Limitation of Liability) of the Federal Rules of Civil Procedure.

II.

At all times hereinafter mentioned, plaintiff was and now is a corporation organized and existing under and by virtue of the laws of the State of Delaware and was, at all times hereinafter mentioned, the sole owner of the ENSCO 74.

III.

The ENSCO 74 is a self elevating drilling unit and a registered vessel of Panama, Official No. 8764420 with approximate dimensions of a length of 74.0918 meters, breadth of 62.788 meters and depth of 7.924 meters. At all times it complied with United States Coast Guard regulations.

IV.

On September 8, 2008, the ENSCO 74 was located off of the Coast of Louisiana in South Marsh 149. With the advent of the approach of Hurricane Ike, ENSCO Offshore Company followed its Hurricane Plan and made fast the rig and evacuated all personnel off the rig.

V.

Prior to and at all times hereinafter described, plaintiff exercised due diligence to make or maintain the ENSCO 74 in all respects seaworthy and at all times hereinafter described it was in fact tight, staunch, strong and fully and properly manned, equipped and supplied; and in all respects seaworthy and fit for proper service in which it was engaged until it was destroyed in Hurricane Ike on September 12, 2008.

VI.

On September 12, 2008, the ENSCO 74 was swept off of its location with only the legs remaining on site, and was destroyed by Hurricane Ike, an "Act of God". The barge of the rig was carried approximately 100 miles by the storm and sank 65 miles south of Galveston, Texas in High Island 241A.

VII.

The ENSCO 74 was destroyed as a result of the ravages of Hurricane Ike and the barge and drilling package were sunk. A comprehensive search was conducted over a period of several

months by ENSCO, the U.S Coast Guard, NOAA and third parties hired on ENSCO's behalf. Once a life jacket was found in Corpus Christi, Texas a secondary search was instigated in an attempt to try and find the remains of the ENSCO 74.

VIII.

On March 6, 2009, the M/V SATILLA allegedly allided with the remains of the ENSCO 74. The aforesaid hurricane and the subsequent March 6, 2009 allision of the M/V SATILLA with the remains of the ENSCO 74, and all loss, destruction and damage occasioned thereby or resulting there from were not caused or contributed to by any way, fault, negligence or lack of due care on the part of plaintiff or the ENSCO 74 or any persons in charge of it, or any person for whom plaintiff was or is responsible, but were due solely and caused wholly by the fault, negligence, lack of due care of parties other than ENSCO Offshore Company, or an Act of God.

Plaintiff reserves the right to amend and/or supplement this paragraph of the Complaint to specify further the faults or negligence of others when the facts surrounding the allision become fully known and to prove them at the trial of this cause.

IX.

At the time of the alleged allision the ENSCO 74 had been lost for a period of six months despite the best efforts of ENSCO, C & C Technologies, NOAA, the U.S. Coast Guard, and third parties, and had not been located after it sank in Hurricane Ike.

X.

The aforesaid allision and damages resulting therefrom were done, occasioned and incurred without the privity and/or knowledge of the plaintiff and without the privity or knowledge, at or prior to the commencement of the aforesaid voyage upon which the ENSCO 74 was engaged, of her OIM or the plaintiff's superintendent or managing agents.

XI.

Venue is proper in this District pursuant to Rule F(9) Supplemental Rules for Certain Admiralty and Maritime Claims as the ENSCO 74 has been sued in this district, and suit is convenient here as the casualty occurred offshore of this District.

XII.

Attached hereto and made hereof is Schedule A, is a list of all claims pending of which plaintiff has knowledge of at the time of the filing of this Complaint.  There are no demands or unsatisfied claims of liens or liens against the ENSCO 74 arising out of her operations before Hurricane Ike, or any other suits pending, as known to plaintiff other than those set forth herein in Schedule A.

XIII.

This Complaint is filed within six months from the date plaintiff received first written notice of a claim from any claimant following the aforesaid collision and casualty.

XIV.

The entire aggregate amount or value of plaintiff's interest in this ENSCO 74 and her pending freight at the time of the aforesaid voyage does not exceed the sum of $1,262,500.00.

XV.

Subject to an appraisal of its interest upon a reference, plaintiff herewith deposits with the Court as security for the benefit of the claimants, a stipulation for value in the sum of $1,262,500.00 plus interest of 6% per annum from the date of said stipulation, said sum being not less than the amount or value of plaintiff's interest in the MODU ENSCO 74 and her pending freight at the end of the aforesaid voyage, as set forth in the Affidavit of Delos E. Flint, and the Affidavit of Carey Akins filed herewith and made hereof as plaintiff's Exhibits B and C.

XVI.

ENSCO Offshore Company herewith additionally deposits with the Court, as security for costs, pursuant to Supplemental Admiralty Rule F(1), a stipulation for costs in the amount of $250.00.

XVII.

Plaintiff claims exoneration from liability for any and all injury, loss, destruction or damage caused by occasioned or incurred after September 12, 2008, including but not limited to the allision of the M/V SATILLA.  Plaintiff alleges that it has valid defenses thereto on the facts and the law.  Plaintiff as owner of the ENSCO 74, without admitting but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 U.S.C. Sections 30501-30512 of the Revised Statutes of the United States and the various statutes supplemental thereto and amendatory thereof, and to that end plaintiff herewith deposits with the Court as security for the benefit of the claimants, a stipulation for value with interest as aforesaid, with sufficient security for the amount of value of its interest in the ENSCO 74 and her pending freight as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure including the Supplemental Rules of Certain Admiralty and Maritime Claims and by the rules of practice of this Honorable Court.

If it later appears that the plaintiff is or may be liable and the amount or value of plaintiff's interest in said ENSCO 74 and her pending freight as aforesaid, is not sufficient to pay out all losses in full, then claimants shall share pro rata in the aforesaid sum, saving to claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims and by the rules of practice of this Honorable Court herein;

provided further that if plaintiff's interest in said ENSCO 74 and her pending freight are not sufficient to pay all losses in full, and that the portion of such amount applicable to the payment of losses in respect to bodily injury and loss of life is less than Sixty ($60.00) Dollars per ton of the vessel's tonnage, less the space occupied by seaman or apprentices and appropriated to their use, plaintiff offers to file such stipulation or other security in such amount as the Court may, from time to time, fix in order, up to a total amount not to exceed $60.00 per ton of the vessel's tonnage, less the space occupied by seaman and apprentices and appropriated to their use, to be available only for the payment of loss in respect to loss of life or bodily injury whenever the same shall be ordered by the Court, or as provided at the aforesaid statutes, and by the aforesaid rules and practices of this Honorable Court.

## XVIII.

All in singular, the premises are true and within a jurisdiction of the United States of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, plaintiff prays that:

1.     This Court make an Order approving the above described stipulation for value or surety, deposited with the Court by the plaintiff, as security for the amount or value of plaintiff's interest in the aforesaid ENSCO 74, and pending freight;

2.     This Court issue a Notice to all persons asserting claims with respect to which the Complaint seeks limitation admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the plaintiff with a copy thereof on or before the date to be named in the Notice and that is any claimant desires to protest either the right to exoneration from or the right to limitation of liability, they shall file and serve on the attorneys

for plaintiff an Answer to the Complaint on or before the said date, unless their claim has included or an answer so designated.

3. This Court enjoin the further prosecution of any and all actions, suits or proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against plaintiff as aforesaid and/or against the ENSCO 74 or against any property of the plaintiff except in this action, to recover damages for in respect of any loss, damage, injury or destruction caused by the resulting aforesaid casualty occasioned or incurred after September 12, 2008.

4. This Court adjudge that the plaintiff is not liable to any extent for any injury, loss, damage or destruction or for any claim thereafter in any way arising out of or resulting from the aforesaid Hurricane occasioned or incurred after September 12, 2008.

5. The Court in this proceeding will adjudge the that plaintiff is not liable to any extent for any injury, loss, damage or destruction for any claim whatsoever in any way arising from or in consequence of the September 12, 2008 casualty, or if plaintiff should be adjudged liable and such liability be limited to the amount or value of plaintiff's interest in ENSCO 74 and pending freight; as aforesaid, at the end of the voyage on which it was engaged at the time of the casualty, with injury loss, destruction and damage and that plaintiff be discharged therefrom upon the surrender of such interest, and that the money surrendered paid as secured to be paid is aforesaid be divided pro rata according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled and that a decree may be entered discharging plaintiff of all further liability;

6. Plaintiff may have such other further and/or different relief as equity and justice may require.

Respectfully submitted,

FOWLER RODRIGUEZ VALDES-FAULI

*/s/ Jon W. Wise*

DELOS E. FLINT, JR., T.A. (LA #5616)
EDWARD F. LEBRETON III (TX #789066)
JON W. WISE (TX #790161)
LAWRENCE R. DEMARCAY (TX #24043513)
400 Poydras Street, 30TH Floor
New Orleans, LA  70130
Tel:    (504) 523-2600
Fax:   (504) 523-2705
E-mail:dflint@frvf-law.com
***Attorneys for Plaintiff,***
**ENSCO Offshore Company**

**OF COUNSEL**
MARK LEWIS (Federal #12799)
KIM CONKEY (Federal #872758)
FOWLER, RODRIGUEZ, VALDES-FAULI
4 Houston Center, Suite 1560
1331 Lamar Street
Houston, Texas 77010
Tel: 713-654-1560
Fax: 713-654-7930
***Attorneys for Plaintiff,***
**ENSCO Offshore Company**