IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF ENSCO OFFSHORE COMPANY, AS | § | |
| OWNER OF THE MODU ENSCO 74 FOR | § | Civil Action No. 2009-cv-2838 |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | |

### CLAIM FOR DAMAGES OF SKS OBO & TANKERS AS
### and KRISTEN GEHARD JEBSEN SKIPSREDERI AS

COME NOW SKS OBO & Tankers AS and Kristen Gehard Jebsen Skipsrederi AS, as Claimants against the ENSCO 74, her engines, tackle, apparel, *etc., in rem*, and Ensco Offshore Company, *in personam*, and represent to the Court the following claim for damages:

1.      SKS OBO & Tankers AS is a Norwegian corporate entity and is the registered owner of the motor tanker SKS SATILLA, IMO No. 9301524, which is documented in Norway. Kristen Gehard Jebsen Skipsrederi AS is a Norwegian corporation and is the manger of the Motor Tanker SKS SATILLA, IMO No. 9301524.

2.      Limitation Plaintiff ENSCO Offshore Company ("ENSCO") is believed to be a Delaware corporation and can be served through its agent for service of process, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.  ENSCO is believed to have been, at all relevant times, the owner of ENSCO 74, a jack-up drilling rig.

3.      During the passage of Hurricane Ike on or about September 15, 2008, the barge portion of ENSCO 74 broke away from the location at which it was operating, in or near South Marsh Island Block 149 in the Gulf of Mexico.

4.      M/T SKS SATILLA was struck and damaged by ENSCO 74 at approximately 0737 hours on March 6, 2009.  The incident occurred in approximate position 28° 35' N, 093°

44' W, while SKS SATILLA was within the South Sabine Lightering Area, approximately 65 nautical miles south of Galveston, Texas.

5.     As a direct result of the contact with ENSCO 74, M/T SKS SATILLA sustained serious and substantial damage to its hull structure and the Claimants have and will incur substantial expenses, including, but not limited to, the cost of salvage and other efforts to stabilize the vessel and preserve and discharge its cargo, the costs of diverting the vessel to a suitable repair facility, the costs of repair and the costs of the delays experienced by the vessel, presently estimated to be approximately $6,000,000.

6.     On information and belief, ENSCO was negligent in failing properly to design, maintain, and prepare ENSCO 74 for hurricane conditions, and in failing to carry out an adequate and appropriate search for the rig once it broke away.

7.     On information and belief, ENSCO 74 was unseaworthy.

8.     On information and belief, ENSCO was guilty of various statutory violations, rendering it negligent *per se* and liable for all resulting damages.

9.     The damages sustained by Claimants were directly and proximately caused by the negligence of ENSCO and the unseaworthiness of ENSCO 74.

10.    ENSCO had direct privity and knowledge of all of the matters noted above. Accordingly, ENSCO is not entitled to exoneration from or limitation of liability for the damages sustained by Claimants.

WHEREFORE, PREMISES CONSIDERED, SKS OBO & Tankers AS and Kristen Gehard Jebsen Skipsrederi AS pray that judgment be entered against Ensco Offshore Company, *in personam*, and ENSCO 74, *in rem*, for the full amount of Claimants' damages, plus pre- and post-judgment interest and all costs of these proceedings, in addition to all other and further

relief to which it may be justly entitled, and that the complaint in limitation of Ensco Offshore

Company be dismissed at ENSCO's cost.

Respectfully submitted,

By: _/s/ James Patrick Cooney_

James Patrick Cooney
State Bar #04770000
Federal Bar #2826
**Attorney-In-Charge for SKS OBO &**
**Tankers AS and Kristen Gehard Jebsen**
**Skipsrederi AS**

OF COUNSEL:

ROYSTON RAYZOR VICKERY & WILLIAMS LLP
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participants. I further certify that I forwarded the foregoing document and the notice of electronic filing by facsimile to non-CM/ECF participants.

Delos E Flint , Jr
Fowler Rodriguez et al
400 Poydras Street, 30th Floor
New Orleans, LA 70130
*Attorneys for Plaintiff ENSCO Offshore Company*

G Bruce Parkerson
Plauche Maselli et al
701 Poydras St., Ste 3800
New Orleans, LA 70139
*Attorneys for Sea Robin Pipeline LLC*

Steven L. Roberts
Sutherland Asbill et al
909 Fannin, Ste 2200
Houston, TX 77010
*Attorneys for Stingray Pipeline Company, LLC*

Marcus Grant Matthews
Phelps Dunbar
700 Louisiana, Ste 2600
Houston, TX 77002
*Attorneys for High Island Offshore System, LLC*

Rebecca Clausen Kinchen
Jones Walker
600 Travis Street, Suite 6601
Houston, TX 77002
*Attorneys for Stingray Pipeline Company, LLC and Tennessee Gas Pipeline Company*

By: ___/s/ James Patrick Cooney_____